IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE LEE, | No. C 06-3340 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF REDWOOD CITY, et al. | |
| Defendants. | |

This matter comes before the Court on Defendants Barbara Pierce, Carlos Bolanos, Edward Everett, and Stan Yamamoto's (collectively, "Moving Defendants") Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for More Definite Statement [Docket No. 7]. Having read and considered the papers submitted by the parties and being fully informed, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Moving Defendants' Motion to Dismiss, and Plaintiff's claims against Moving Defendants are DISMISSED WITH PREJUDICE as to the notary incident and DISMISSED WITH LEAVE TO AMEND as to the May 2, 2005 arrest.[1]

**I. BACKGROUND**

Plaintiff is proceeding *pro se*. Plaintiff's complaint contains allegations against the Moving Defendants in connection with two separate, unrelated incidents.

//

//

//

---

[1] Both parties have filed requests for judicial notice. The Court DENIES both requests as moot since the documents referenced therein were not relied upon by the Court in its ruling.

### A. The Notary Incident and Loan Documents

Plaintiff Candace Lee ("Lee") is a notary public. Complaint, ¶ 20. On November 11, 2005, Lee was sent to notarize "personal home refinance" documents for Defendant Edward Everett (the City Manager of the City of Redwood City) at his Office in the City Hall. *Id*. During Lee's appointment with Everett, Defendant Stan Yamamoto (the City Attorney of the City of Redwood City) called Everett and asked him if he knew who was the notary public in his office. *Id*. After the phone call, Lee was asked to leave Everett's office and leave behind the documents she was supposed to notarize. *Id*. Lee alleges that Everett and Yamamoto's actions constituted discrimination. *Id*., ¶ 19.

On January 23, 2006, at a City Council meeting, Lee complained about being discriminated against by Everett and Yamamoto, and requested that there be an investigation into their conduct. *Id*., ¶ 18. On May 8, 2006, Defendant Carlos Bolanos (the Police Chief of the City of Redwood City) sent a letter to Lee in response to Lee's concerns voiced at the January 23 meeting, on behalf of Defendant Barbara Pierce (the Mayor of the City of Redwood City). Complaint, Ex. F. Bolanos advised Lee that the information Lee provided did not support a conclusion that any criminal act had occurred, but was strictly a personnel matter. Bolanos further advised Lee that the City Manager reported to the City Council, and the City Council was made aware of Lee's concerns and intended to take any appropriate action. *Id*. Lee alleges that Defendants Pierce and Bolanos "covered up" the fact that Everett conducted personal business at City Hall, and Yamamoto had an opportunity to stop Everett from conducting personal business but did not take advantage of that opportunity. *Id*., ¶ 21. As a proximate result of the conduct of Defendants, Lee "suffered injuries and damages." *Id*., ¶ 22.

### B. The May 2, 2005 Arrest

On May 2, 2005, Defendant police officers Dan Smith and Edward Feeney (the "Police Officers") arrived at Lee's house. *Id*., ¶ 10. They responded to a report of a possible domestic dispute between Lee and her husband. Complaint, Ex. A. Lee alleges that the Police Officers assaulted her and acted without justification in handcuffing and arresting her. *Id*., ¶ 12. Lee was detained for eight days. *Id*., ¶ 13. An Emergency Protective Order was issued to protect Lee's husband, Douglas Lee, from Lee. The protective order was in effect for one week. Complaint, Ex.

2

A. The cause for the protective order was described by Smith as Lee biting her husband on May 1, 2005 (based on her husband's complaint to the Police Officers and the recent scar he showed them), and the fact that the couple was very hostile towards each other in front of the Police Officers on May 2, 2005. *Id.* On May 17, 2005, the San Mateo County District Attorney, James Fox, advised Lee that no criminal charges would be filed against her. *Id.*, ¶ 14.

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997). When the plaintiff appears *pro se*, federal courts have been particularly liberal in construing "inartful pleading." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This is especially true in *pro se* civil rights actions. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

In adjudicating a motion to dismiss, however, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"), as amended by, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading

3

could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Plaintiff has asserted seven causes of action against Moving Defendants: three causes of action under 42 U.S.C. § 1983, assault and battery, false arrest and false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

#### A. The Notary Incident and Loan Documents

To assert a cause of action under 42 U.S.C. § 1983, Plaintiff must allege that Defendants acted under color of state law. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). A government official's actions are under color of law if they are "in some way related to the performance of his [or her] official duties." *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998). Here, Plaintiff alleges that the notary incident involved Defendant Everett's personal loan documents. Complaint ¶¶ 20, 21. Statements in a complaint are judicial admissions which are binding upon Plaintiff. *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Since the loan documents and associated notary incident related to personal business conducted by Defendant Everett, Plaintiff cannot assert that Everett was acting under color of state law. Similarly, Plaintiff cannot assert that Defendants Yamamoto, Pierce and Bolanos acted under color of state law by condoning and helping Everett conduct his personal business. Consequently, the Court DISMISSES WITH PREJUDICE all claims against Moving Defendants involving the notary incident and personal loan documents. If Plaintiff decides to file an amended complaint, as set forth below, no references to the notary incident should be included.

#### B. The May 2, 2005 Arrest

Plaintiff asserts that Moving Defendants were acting as supervisors over the Police Officers during the May 2, 2005 arrest. Complaint ¶¶ 31, 32. In a section 1983 claim, a supervisor may not be liable on the basis of respondeat superior. *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989). However, a supervisor may be liable if: (1) he is personally involved in the constitutional deprivation, or (2) he implements a policy so deficient that the policy itself is a repudiation of

4

constitutional rights and is the moving force of the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). To assert a valid cause of action, Plaintiff must either allege that Moving Defendants were personally involved in the arrest or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *See id.* In addition, Plaintiff must show that the supervisor possessed the requisite culpable state of mind and there was a causal connection between the supervisor's action or inaction and the infliction of the alleged constitutional harm. *Earthly v. City of Beverly Hills*, 1997 U.S. App. LEXIS 28541, *5 (9th Cir. Oct. 10, 1997).

Plaintiff has failed to allege facts sufficient to hold Moving Defendants liable as supervisors. Rather, Plaintiff has asserted conclusory allegations, which cannot be used to support her complaint. *See Miranda*, 279 F.3d at 1106; *Sprewell*, 266 F.3d at 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Since Plaintiff has not had the opportunity to amend her complaint, the Court DISMISSES WITH LEAVE TO AMEND all claims against Moving Defendants involving the May 2, 2005 arrest.[2]

## IV.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Moving Defendants' motion to dismiss is GRANTED, and Plaintiff's claims against the Moving Defendants are DISMISSED WITH PREJUDICE as to the notary incident, and DISMISSED WITH LEAVE TO AMEND as to the May 2, 2005 arrest.

IT IS FURTHER ORDERED THAT if Plaintiff wishes to file an amended complaint, she must do so **no later than thirty (30) days from the date this Order is filed**. An amended complaint should cure the defects the Court has outlined herein. Conclusory statements without supporting facts are unacceptable.

//

Plaintiff should be aware that, although she is proceeding *pro se*, she is nevertheless

---

[2] Because the Court grants Moving Defendants' Motion to Dismiss, it does not need to reach Moving Defendants' Motion for a More Definite Statement.

5

obligated to follow the same rules as represented parties. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Lack of awareness of the applicable rules and procedures is no excuse for failure to comply with those rules. *Swimmer v. IRS*, 811 F.2d 1343, 1344 (9th Cir. 1987). Plaintiff's opposition was two (2) days late, in violation of Northern District of California Civil Local Rules 7-3(a) and 5-5(a). The Court has excused Plaintiff's delay on this occasion, but it is not inclined to do so in the future. The Court reminds Plaintiff that failure to comply with its orders or the rules may result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 7/24/06

Saundra Brown Armstrong
United States District Judge