IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE LEE, | No. C 06-3340 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 31] |
| CITY OF REDWOOD CITY, et al., | |
| Defendants. | |

This matter comes before the Court on individual Defendants Carlos Bolanos, Scott Warner, James Stoney, Kathryn Anderson, and Jamie Mateo's Motion to Dismiss or, alternatively, for a More Definite Statement.

### BACKGROUND

**a.   Facts and Allegations**

Plaintiff is a resident of San Mateo County, California. Compl. at ¶ 2. She is proceeding in this action *pro se*. Defendants are the City of Redwood City, Redwood City police chief Carlos Bolanos, and Redwood City police officers Scott Warner, James Stoney, Kathryn Anderson, Dan Smith, Edward Feeney, and Jamie Mateo.

On May 2, 2005 at approximately 8:00 a.m., Plaintiff was in her home at 162 Roosevelt Ave. #2 in Redwood City. She alleges that Defendants Smith and Feeney entered her home without a warrant or probable cause and arrested her. Compl. at ¶ 11. Lee had called 911 to report "an oral disagreement" between herself and her husband. *Id*. at ¶ 13. After officers arrived, Plaintiff's boss called several times. Plaintiff alleges that the officers ordered her not to answer the phone, kicked her many times on her lower right leg, and ordered her to sit on the floor with her back straight with an officer's foot on her knee. *Id*. at ¶ 15. "Thereafter Defendants JAMIE MATEO came to the premises under the supervision of Defendants JAMES STONEY, KATHRYN J. ANDERSON, and

SCOTT WARNER (hereinafter "Police Officers") together made a decision to remove Lee from her premises under the Defendant Police Chief, CARLOS G. BOLANOS (hereinafter "Police Chief") authority without any legal justification." *Id.* at ¶ 11.

Plaintiff alleges that after the officers made a decision to arrest her, they pulled her hair and handcuffed her while she was sitting on the floor "with the Officers' knees on top of Lee's leg and her body and further twist Lee's body and her head. Officers used their full straingth [sic] to twist Lee's head in preventing her from her breathe [sic]." *Id.* at ¶ 16. She alleges that an officer took her picture to prove that she had struggled and "go against the Officers while she was lying down on the floor," and that the officers made a false report against her. *Id.*

Further, Plaintiff alleges that the officers retaliated against her, apparently for being Chinese and for previously filing a case against the Police Chief. *Id.* at ¶ 18. Plaintiff states that officers issued a Protective Order without probable cause and detained Plaintiff for eight days. *Id.* at ¶ 19. The Complaint contains other, essentially incomprehensible, allegations. It concludes that "humiliations caused embarrassments within the last 11 years for Lee and she event suffered more than any words that could describe which was done in the purpose to cover up Police Officers' misconduct in retaliations against Lee. As a proximate result of the conduct of Defendants and each of them as described herein, plaintiff suffered injuries and damages as hereinafter set forth." *Id.* at ¶¶ 31-32.

Plaintiff asserts three separate violations of 42 U.S.C. § 1983. First, she alleges that all Defendants acted under color of state law to deprive Plaintiff of the right to be free from unreasonable searches and seizures, and the right not to be deprived of life, liberty or property without due process of law.

Second, Plaintiff states that the officers were acting within the course and scope of their employment, and that their actions were "done under the supervision, direction and control of Defendants CITY OF REDW000 [sic] CITY, Police Chief, Scott Warner, James Stoney, and Kathryn J. Anderson who acting in his capacity as the CITY OF REDWOOD CITY Government

2

Officials. Defendants had notice of the violent tendencies and the predilection for the use of unreasonable and excessive force possessed by Defendants Police Officers for detaining, punishing, and depriving life and liberty from individuals with no apparent mental disorder, without reasonable or probable cause." *Id*. at ¶ 41.

Third, Plaintiff alleges that the acts complained of "are indicative and representative of a repeated course of conduct by personnel and officers from the Redwood City Police Department which is tantamount to an informal custom or policy that condones and encourages the use of excessive force and . . . unlawfully detaining and punishing individuals without due process." *Id*. at ¶ 43. Plaintiff claims that the City was deliberately indifferent to monitoring or controlling repeated violations of constitutional rights by members of the police department, and that the City failed to properly supervise, train, or discipline law enforcement officers. *Id*.

Finally, Plaintiff makes claims for assault and battery, false arrest and imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id*. at ¶¶ 44-53. She seeks an Order requiring Defendants to adopt an affirmative program of compliance with the Civil Rights Act, as well as compensatory and punitive damages, attorneys' fees and costs.

**a.    Procedural History**

Plaintiff filed a previous Complaint in this matter on May 19, 2006. The named Defendants were the City of Redwood City; Barbara Pierce, mayor of Redwood City; Carlos Bolanos, police chief of Redwood City; Edward Everett, city manager for Redwood City; Stan Yamamoto, city attorney for Redwood City; and Redwood City police officers Smith and Feeney. Defendants Pierce, Bolanos, Everett, and Yamamoto moved to dismiss. Plaintiff alleged that the Moving Defendants were acting as supervisors during the May 2, 2005 arrest. The Court held that Plaintiff failed to allege facts sufficient to hold the Moving Defendants liable as supervisors, and granted the motion. Plaintiff's claims against the Moving Defendants related to the May 2, 2005 arrest were dismissed with leave to amend.

Plaintiff filed an amended Complaint on August 24, 2006. Again, the named Defendants in

3

1  the instant complaint are the City of Redwood City, police chief Carlos Bolanos, and Redwood City
2  police officers Scott Warner, James Stoney, Kathryn Anderson, Dan Smith, Edward Feeney, and
3  Jamie Mateo.  Defendants Bolanos, Warner, Stoney, Anderson, and Mateo filed the instant Motion
4  to Dismiss on September 12, 2006.

## LEGAL STANDARDS

### A.     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff.  *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).  When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the pleadings.  *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001).

### B.     Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Motions for a

4

1 more definite statement are "proper only where the complaint is so indefinite that the defendant
2 cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F.
3 Supp. 1072, 1077 (C.D. Cal. 1994). A plaintiff need only "set forth enough details so as to provide
4 the defendant and the court with a fair idea of the basis of the complaint and the legal grounds
5 claimed for recovery." *Self Directed Placement Corp.v. Control Data Corp.*, 908 F.2d 462, 466 (9th
6 Cir. 1990). Rule 12(e) motions are viewed with disfavor and are rarely granted. *Id.*

## ANALYSIS

The instant Motion to Dismiss is brought only by Defendants Bolanos, Warner, Stoney, Anderson, and Mateo. There is no Motion to Dismiss as to Defendant City of Redwood City or Defendants Smith and Feeney.

A.   <u>First Claim for Relief under § 1983</u>

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must allege that Defendants personally participated in or directed the arrest and/or use of excessive force, or knew of these violations and failed to prevent them. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Moving Defendants argue that Plaintiff has failed to allege facts sufficient to support a § 1983 claim against them, because she does not allege that they were directly involved in her arrest or in the use force to secure her arrest. Motion at 5.

The Court disagrees. The Amended Complaint states that Feeney and Smith entered the premises and arrested Plaintiff. "Thereafter," Mateo came to the premises under the supervision of Stoney, Anderson, and Warner, who "<u>together made a decision</u> to remove Lee from her premises" under the authority of Bolanos. Compl. at ¶ 11 (emphasis added). The Amended Complaint states that "Police Officers" kicked Plaintiff, pulled her hair, stood on her, and twisted her head. *Id*. at ¶¶ 15, 16. Which officers were involved in these physical acts is unclear. Although confusing, these

5

could be construed as allegations that all Moving Defendants were involved in Plaintiff's arrest and in the use of force against her. Plaintiff does not state outright that all Defendants were present, and it seems unlikely that the Chief of Police was involved in responding to a routine domestic violence call. However, the "Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

Accordingly, drawing all reasonable inferences in Plaintiff's favor and taking the facts as alleged by her to be true, Plaintiff has stated a claim for Fourth and Fourteenth Amendment violations by the Moving Defendants. Defendants' Motion to Dismiss is DENIED as to Plaintiff's First Claim for Relief.

B.  Second Claim for Relief under § 1983

Plaintiff fails to provide any facts in support of her allegation that Defendants "had notice of the violent tendencies and the predilection for the use of unreasonable and excessive force possessed by Defendants Police Officers for detaining, punishing, and depriving life and liberty from individuals with no apparent mental disorder, without reasonable or probable cause." Plaintiff's statement that the officers' acts were done "under the supervision, direction and control of Defendants" is likewise completely unsupported. There is no evidence that the officers named as Defendants had any role in supervising or directing other officers.

The Court will not accept Plaintiff's conclusory allegations of law or draw unwarranted factual inferences. *Miranda*, 279 F.3d at 1106. Thus, Defendants' Motion to Dismiss is GRANTED as to Plaintiff's Second Claim for Relief.

The Court will not grant further leave to amend. Plaintiff has had one opportunity to amend the complaint with regard to this specific claim; the previous Order made it clear that Plaintiff needed to sufficiently allege facts that would give rise to supervisory liability. She has failed to do so. Thus, the Court finds that further amendment would be futile. *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 685 (9th Cir. 1992) (holding that leave to amend is properly denied where amendment would be futile).

6

C.     Third Claim for Relief under § 1983

Under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), a municipality may be held liable under § 1983 "only for constitutional violations occurring pursuant to an official government policy or custom." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006). Plaintiff asserts that the acts she complains of are indicative of an "informal custom or policy" and the failure of the City to properly supervise, train, and discipline police officers. A failure to train or supervise can amount to a "policy or custom" sufficient to impose § 1983 liability on a municipality. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006).

However, Plaintiff simply does not offer any facts in support of her claim that the City of Redwood City fails to properly train or supervise its police officers. That she was allegedly arrested without probable cause and subjected to excessive force is insufficient – those may have been the acts of bad officers who ignored their training and evaded supervision. Once again, the Court does not accept Plaintiff's conclusory allegations of law or unwarranted factual inferences. *Miranda*, 279 F.3d at 1106. Thus, this claim should be dismissed. However, it is unclear whether this claim is asserted only against the City of Redwood City – which is not involved in the instant Motion to Dismiss – or also against the individual Defendants. Plaintiff does state that the alleged informal custom or policy is "the direct and proximate result of the deliberate indifference of the City of Redwood City, Police Chief, Scott Warner, James Stoney, and Kathryn J. Anderson to prevent, control, or monitor repeated violations of the constitutional rights of individuals by members of the law enforcement agencies of said Defendants." Compl. at ¶ 43.

Accordingly, to the extent that Plaintiff's Third Claim for Relief attempts to impose supervisory liability on the individual Defendants, Moving Defendants' Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND for the reasons discussed above.

D.     State Law Claims

Defendants argue that if Plaintiff's federal claims are dismissed, the state law claims should be dismissed as well. Because the Motion to Dismiss with respect to Plaintiff's first claim under §

7

1983 has been denied, the state law claims will not be dismissed. The Court retains supplemental jurisdiction over them, as they arise from a common nucleus of operative facts.

E.     Defendants' Motion for a More Definite Statement

With respect to the claims that have been dismissed, Defendants' request for a more definite statement is DENIED AS MOOT. Further, the request is DENIED with respect to Plaintiff's first claim for relief; although it lacks clarity, Defendants have been put on notice of Plaintiff's claim such that they can be reasonably expected to frame a responsive pleading.

The inability to ascertain all of the facts from a complaint is not an adequate ground for a more definite statement, as these concerns can be addressed through discovery. *See White v. Hansen*, 2005 WL 1806367 at *16 (N.D. Cal. 2005) ("[r]ule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail") (quoting *Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993)).

F.     Defendants' Request for Sanctions

Defendants point out that they did not receive a copy of Plaintiff's opposition papers until October 26, 2006, two days after they were due. Under Local Rule 5-5(a), papers in cases not designated for e-filing must be actually delivered to the receiving attorney or party on or before the due date. Defendants argue that the Court should sanction Plaintiff for failure to abide by the local rules, and that the appropriate sanction is dismissal of the suit. Reply at 4. Plaintiff's opposition to the first Motion to Dismiss was two days late, and the Court commented that it "has excused Plaintiff's delay on this occasion, but it is not inclined to do so in the future. The Court reminds Plaintiff that failure to comply with its orders or the rules may result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)." Order at 6.

Although Plaintiff was warned that the suit might be dismissed if she failed to timely deliver her papers, the Court is not inclined to impose such a harsh sanction at this time. Plaintiff is once again admonished that papers must not only be mailed, but actually <u>received</u> by the opposing party on or before the due date. Plaintiff should be aware that, although she is proceeding pro se, she is

8

nevertheless obligated to follow the same rules as represented parties. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## CONCLUSION

IT IS HEREBY ORDERED THAT Moving Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's Second and Third Claims for Relief are DISMISSED WITH PREJUDICE as to Defendants Bolanos, Warner, Stoney, Anderson and Mateo.

IT IS FURTHER ORDERED THAT the Case Management Conference currently set for November 14, 2006 at 1:00 p.m. is hereby continued to **December 13, 2006, at 3:30 p.m.** The Case Management Conference will be held telephonically. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement, which shall be filed no later than **December 4, 2006**. Plaintiff shall be responsible for filing the Case Management Conference Statement, as well as for arranging the Case Management Conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 11/13/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

9