**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CANDACE LEE,

        Plaintiff,

  v.

CITY OF REDWOOD, *et al.*,

        Defendants.

No. C 06-3340 SBA

**ORDER**

[Docket No. 67]

      Before the Court is *pro se* plaintiff Candace Lee's motion for sanctions against the defendants [Docket No. 67]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion for sanctions is DENIED.

      Plaintiff Lee filed an amended complaint on August 24, 2006, asserting three causes of action under 42 U.S.C. § 1983, and various claims under state law, related to her arrest on May 2, 2005, by police officers of the City of Redwood. The defendants in the amended complaint are the City of Redwood City, police chief Carlos Bolanos, and Redwood City police officers Scott Warner, James Stoney, Kathryn Anderson, Dan Smith, Edward Feeney, and Jamie Mateo.

      Lee appears to be requesting sanctions against the defendants for two reasons. First, Lee contends that the defendants should be sanctioned because they failed to meet and confer with her for the purpose of filing a joint statement of undisputed facts in support of their motion for summary judgment. As explained in the Court's order issued May 8, 2007, however, the filing of a joint statement of undisputed facts was not required in this case. Under Local Rule 56-2, a Judge may order the submission of a joint statement of undisputed facts for summary judgment motions, but it is not required. In fact, this Court's standing orders provide that "parties are not required to file a statements of undisputed fact in connection with a motion for summary judgment." Standing Order No. 6. Thus, failure to participate in drafting a joint statement of undisputed facts is not a grounds for sanctioning the defendants.

1   Lee's second basis for requesting sanctions is somewhat less clear. Lee is apparently contending
2  the defendants failed to comply with settlement conference orders issued by Magistrate Judge Edward
3  M. Chen and that the defendants were unreasonable for refusing to increase the amount of their
4  settlement offer. In early January 2007, this case was referred to Magistrate Judge Chen for the purpose
5  of conducting a settlement conference. On January 4, 2007, a notice of settlement conference and
6  settlement conference order was issued. *See* Docket No. 52. The settlement conference was held
7  January 26, 2007.

8   The defendants made a settlement offer, basically consisting of forgiving outstanding debt that
9  Lee owes from a prior lawsuit. The plaintiff found this settlement offer inadequate and therefore refused
10  it. Lee declares:

> Plaintiff also request the defense not to appear the settlement conference if defense counsel was still offering $25,000. Defense counsel failed to respond in comptempt [sic] [of] the Magistrate Judge court order and went for settlement conference and make an unreasonable offer of $25,000 to make his trip for his own benefit that the defense counsel knew plaintiff won't accept the offer and wasted the City's attorney's fee plus it's representative's trip.

Docket No. 66.

Because the defendants refused to make an additional settlement offer, "[p]laintiff had no other alternative but requested the Magistrate Judge Chen to end the meeting due to the fact, parties should have additional mandatory settlement conference before the trial." Docket No. 75. The defendants' refusal to settle for an amount requested by the plaintiff is not ground for sanctions.

Accordingly, plaintiff Candace Lee's motion for sanctions [Docket No. 67] is DENIED.

IT IS SO ORDERED.

May 17, 2007                              _____
                                          Saundra Brown Armstrong
                                          United States District Judge

2