UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE LEE, | No. C 06-3340 SBA (JL) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY** |
| CITY OF REDWOOD CITY, ET AL., | |
| Defendants. | |
| _____/ | |

## Introduction

All discovery in this case has been referred by the district court (Hon. Saundra Brown Armstrong) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. The district court issued an order (Docket # 92) referring discovery disputes to this Court for resolution. Specifically, the following issues:

"Lee contends that the defendants have failed to produce portions of transcripts, have failed to produce a number of individual defendants for deposition, have produced only two minutes of a 911 tape, and have failed to produce police training policies and procedures." (Order at 1:19-22)

This Court ordered the parties to meet and confer, to attempt to resolve their dispute, to file a joint statement to the Court if they were unable to resolve their dispute and to file separate statements if they were unable to file a joijnt statement. The parties were unable to meet and confer in person because Plaintiff Candace Lee was in Houston, Texas

and was not able to return within the time frame of the Court's order. The parties filed separate statements (Docket #s 115 and 116).

## Background

This lawsuit arises from the arrest of Plaintiff and her husband on May 2, 2005 for violation of Penal Code section 273.5 (domestic violence) and 148a (obstruction of a police officer) at their residence in Redwood City (Complaint at ¶12). Plaintiff alleges that Officers Smith and Feeney did not have probable cause to arrest her for domestic violence and that they used excessive force. *Id.* She filed this action on May 19, 2006, alleging violation of 42 U.S.C. §1983 and state law causes of action. *Id.*

Defendants claim that Plaintiff has a long history of suing Redwood City and its employees, that San Mateo County has found her to be a vexatious litigant and that this district required her to obtain a pre-filing order before proceeding with litigation (req. for Judicial Notice in Support of Motion to Dismiss, ¶1, Howard Decl. ¶2 and 3).

## Analysis and Conclusion

Plaintiff contends that Defendants have failed to produce portions of transcripts. Defendants do not respond to this contention. However, Plaintiff, in her statement, does not address this issue so the Court denies this request as moot.

Plaintiff contends that Defendants have failed to produce a number of individual defendants for deposition. This Court previously ordered Defendants to produce for deposition Officers Dan Smith and Edward Feeney. Defendants produced the officers on August 30 and 31, 2006, respectively. Both depositions commenced at 10:00 a.m. and concluded after 6:00 p.m., giving Plaintiff more than sufficient time to ask questions. Defendants reject Plaintiff's claim that they were supposed to produce documents in conjunction with the depositions. Plaintiff served no requests pursuant to FRCP Rule 34, at any time in this case. Defense counsel, as part of Defendants' initial disclosure pursuant to FRCP Rule 26, provided to Plaintiffs, prior to the officers' deposition, 84 pages of material, including CDs of photographs, Plaintiff's 911 call and associated radio traffic, the domestic

1 violence report and portions of the officers' personnel records. The request for additional
2 documents is denied.
3     Plaintiff asks the Court to order additional depositions, "including but not limited to
4 Ex-Police Chief Carlos G. Bolanos, Ex-Captain Scott Warner, and Supervisor Officer
5 Anderson, etc. " (Pltf Statement at 2:13-15) Defendants previously objected to the
6 depositions of all other City officials, since they did not have any personal involvement in
7 the arrest of Plaintiff on May 2, 2005 and their deposition testimony would have no
8 relevance to the officers' anticipated motion for summary judgment on the issue of qualified
9 immunity. This Court found no good cause for expedited deposition of Defendants who
10 were not directly involved in Plaintiff's arrest and denied that part of Plaintiff's counter
11 motion. Defendants ask the Court to deny this request, since Plaintiff fails to justify these
12 depositions and in fact has not noticed any depositions prior to the March 7, 2007 discovery
13 cut-off. Plaintiff's failure to notice depositions for conclusion prior to the cut-off precludes
14 further depositions in this case. This request is denied.
15     Plaintiff contends that Defendants have produced only two minutes of a 911 tape,
16 and have failed to produce police training policies and procedures. Defendants respond
17 that they have produced the complete copy of Plaintiff's 911 call, concluding with the 911
18 call taker advising Plaintiff that officers were being sent to her apartment in response. This
19 request is denied. The district court dismissed Plaintiffs claim under *Monell* by its order
20 issued November 13, 2006 (Docket # 44) at 7:21-23. Therefore, police training and
21 procedures are irrelevant. This request is denied.
22     For all the above reasons Plaintiff's request for additional discovery is denied.
23     IT IS SO ORDERED.
24 DATED: June 22, 2007

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\06-3340\ord-re-115, 116.wpd